judication that defendant was guilty of being an idle and disorderly street walker, for the court was merely imposing the sentence suspended by the court, July 27, 1915, at which time the question of her guilt had been adjudicated.

The assignments of error are overruled, the judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as she may be there called, and that she be by that court committed until she has complied with the sentence or any part thereof that has not been performed at the time this appeal was made a supersedeas.

---

## Foy *v.* Pulling, Appellant.

*Equity—Subrogation—Secret equities — Doubtful case — Judgment—Promissory note.*

To entitle a party to subrogation his equity must be strong and his case clear; and no order for subrogation will be made in a doubtful case, and especially where such an order would be to the prejudice of lien creditors.

Where a father and son execute a joint promissory note to a creditor of the son under an agreement between father and son, but not concurred in by the creditor, that the note was to be paid by the father in settlement of a claim for wages which the son had against him, and the note is subsequently paid by an execution against the father's property under a judgment on the note, the son will not be entitled to subrogation as against the subsequent lien creditors of his father. An order of subrogation in such a case would be giving an unsecured claim preference over lien creditors.

Argued April 10, 1916. Appeal, No. 18, April T., 1916, by F. A. Pulling, from order of C. P. Erie Co., May T., 1914, No. 174, dismissing petition for subrogation in case of Carrie Foy v. W. S. Pulling and F. A. Pulling. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for subrogation.

WALLING, P. J., filed the following opinion:

The judgment in this case was entered upon a note given by W. S. Pulling and F. A. Pulling to Mrs. Foy. It was ostensibly given in payment of an existing indebtedness of F. A. Pulling. Subsequently the debt was paid to Mrs. Foy by him or by the sale of his property. He now asks to be subrogated to the rights of the plaintiff as against the property of W. S. Pulling, claiming that the debt was in fact that of W. S. Pulling and that as surety, having paid the same, is entitled to subrogation. The evidence taken on behalf of F. A. Pulling, petitioner, in support of his petition shows that he is the son of said W. S. Pulling and tends to show that he became of age about the year 1899 and that he remained at home and worked for his father for about two years thereafter. And he and his father testify that there was an agreement that he was to be paid for his services; and they also testify to the effect that it was agreed between them that W. S. Pulling was to give his note to Mrs. Foy and did give the note in suit to her, which note said F. A. Pulling also signed, with the understanding that said note was to be paid by W. S. Pulling in settlement of his said indebtedness to his son for work which the son had performed as above stated, some eight or nine years before said note was given.

Mrs. Foy had not knowledge of such alleged arrangement. At the present time said W. S. Pulling is insolvent, his property being encumbered by liens to or beyond its full value and if the said petition for subrogation be granted, it will be at the expense of subsequent lien creditors. From our consideration of this matter, we are satisfied that the petition for subrogation should not be granted. The law is well settled in Pennsylvania that to entitle a party to subrogation his equity must be strong and his case clear, and that no order for subrogation will be made in a doubtful case. And that secret

554        FOY *v.* PULLING, Appellant.

Opinion of Court below—Opinion of the Court. [63 Pa. Superior Ct.

equities are not favored, especially to the prejudice of lien creditors.

The note in question was admittedly given to Mrs. Foy in liquidation of a debt of F. A. Pulling and was paid by him and it would be a very dangerous precedent to now allow his petition for subrogation on the testimony as above stated. The debt to Mrs. Foy being originally that of F. A. Pulling, an agreement between him and his father, not concurred in by Mrs. Foy, that the debt was to be paid by the father in settlement of the said claim for wages, would not, in our opinion, entitle F. A. Pulling to subrogation in this case.

Under such circumstances, failure of W. S. Pulling to pay the Foy judgment would be a breach of contract, but would not justify subrogation against his property to the prejudice of subsequent lien creditors. That would be giving an unsecured claim a preference over such creditors. In our opinion, the debt of F. A. Pulling to Mrs. Foy could not become the debt of W. S. Pulling to Mrs. Foy without her consent, of which there is no sufficient evidence in this case.

And now, April 9, 1915, upon due consideration the petition of F. A. Pulling for subrogation in above case is discharged at his costs.

*Error assigned* was the order of the court.

*L. E. Torry,* for appellant.

*J. A. Bolard,* for appellee.

Per Curiam, July 18, 1916:

The opinion of the court below, in discharging the defendants' petition for subrogation, clearly answers the argument of the appellant.

The judgment is affirmed.